**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

CHRISTOPHER BALDOMOR,

     Plaintiff,

vs.                                                                                  No. 24-cv-499 WJ/KK

FNU WILKINS, Warden, *et al.*,

     Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Plaintiff Christopher Baldomor's Civil Complaint, filed May 20, 2024.  (Doc. 1) ("Complaint").  Plaintiff is proceeding *pro se* and *in forma pauperis* and was incarcerated when he filed the Complaint.  *See* (Doc. 5).  Having reviewed the Complaint, the record of the case, and relevant law, the Court will dismiss the Complaint and grant Plaintiff leave to amend.

## I.     Background

Plaintiff alleges that on January 8, 2024, he was housed in an overcrowded cell at the Reception and Diagnostic Center ("RDC") of the Central New Mexico Correctional Facility ("CNMCF").  (Doc. 1) at 1.  He further alleges that he and others were transferred to the Grants County Correctional Facility ("GCCF") on February 24, 2024, which was a Level 3 facility, and that a stabbing occurred there "just days after the plaintiff arrived."  *Id.* at 2.  Plaintiff contends his life was in danger due to the overcrowded conditions and dangerous inmates.  *Id.*  Finally, Plaintiff states he "is in fear of retaliation by GCCF staff, which has occurred on (3/8/24) by being placed

in seg [sic] without just cause or proper documentation stating any reason for a period of 14 days time." *Id.*

Plaintiff brings claims under the New Mexico Tort Claims Act and the Eighth and Fourteenth Amendments. *Id.* at 1-3. He names as Defendants: Warden Wilkins, GCCF; Unit Manager Jacob O; and Alisha Tafoya, Director of the Corrections Department. *Id.* at 1. Plaintiff seeks damages in the amount of $1,700 per day; $100,000 for every state law violation; and $500,000 for every constitutional law violation. *Id.* at 3.

## II.    Standards Governing Initial Review of Prisoner Complaints

Under the Prison Reform Litigation Act (PLRA), federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a government entity or officer. *See* 28 U.S.C. § 1915A(a). The Court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1). The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). To avoid dismissal for failure to state a claim, a complaint must present factual allegations, assumed to be true, that "raise a right to relief about the speculative level." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A court must accept all the well-pleaded allegations of the complaint as true and must construe the allegations in the light most favorable to the plaintiff. *Id.* at 555. However, "when the allegations in a complaint, however true, could

not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed.  *Id.* at 558.

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."  *Hall,* 935 F.2d at 1110.  While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements."  *Id.* Nevertheless, it is not the "proper function of the district court to assume the role of advocate for the *pro se* litigant."  *Id.*  If the initial complaint fails to state a claim, courts should generally grant leave to amend unless amendment would be futile.  *Id.*

### III.    Discussion

Plaintiff's constitutional claims must be analyzed under 42 U.S.C. § 1983, the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights."  *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016).  "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law."  *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000).  The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution.  *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998).  There must also be a connection between the official conduct and the constitutional violation.  *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.  In addition, "a successful § 1983 complaint must make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice

as to the basis of the claim against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in original).

Applying these standards, the Complaint fails to state a cognizable constitutional claim against the named Defendants. Plaintiff's allegations do not tie any individual Defendant to the alleged wrongdoing. Plaintiff does not state what actions the Warden, Unit Manager, or Director of the Corrections Department took, or if they had any role in the alleged violations. The pleading standard requires a plaintiff to specify the wrongful conduct of the individual state actors. *See Robbins*, 519 F.3d at 1250 (referring collectively to the wrongdoing of defendants "with no distinction as to what acts are attributable to whom, [makes it] impossible for any of the[] individuals to ascertain what particular unconstitutional acts they are alleged to have committed"). To the extent Plaintiff attempts to plead supervisory liability, he must show the supervisor personally directed alleged offensive conduct or knew Plaintiff's rights were being violated but did not prevent it. *Fogarty*, 523 F.3d at 1162 ("[A] defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation."); *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009). Consequently, Plaintiff's claims against Defendants are not sufficient to show personal participation in the challenged acts. The Complaint therefore fails to state a federal constitutional claim against any named Defendant.

Based on the foregoing, the Court will dismiss the Complaint (Doc. 1) without prejudice for failure to state a cognizable claim under Rule 12(b)(6). The Tenth Circuit counsels that *pro se* plaintiffs should ordinarily be given an opportunity to "remedy defects potentially attributable to their ignorance of federal law." *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). Accordingly, Plaintiff may file a single amended complaint on the proper form § 1983 complaint

4

within thirty (30) days of entry of this Order.  The amendment must not exceed 27 pages in length. Plaintiff is reminded that the amendment must "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her."  *Robbins*, 519 F.3d at 1249-50 (emphasis in original).  "Collective allegations" regarding the alleged wrongdoing will not meet this standard.  *Id.*  Plaintiff is further reminded that if he wishes to name an entity or a prison supervisor, such defendants cannot be liable under § 1983 for the actions of their employees.  *See Cannon v. City and County of Denver*, 998 F.2d 867, 877 (10th Cir. 1993); *see also Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978).  The allegations must show the entity or prison supervisor is responsible for a policy or custom that caused the constitutional violation.  *See Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996); *Brown v. Montoya,* 662 F.3d 1152, 1164-65 (10th Cir. 2011).  If Plaintiff does not know and cannot learn the names of the alleged wrongdoers, he may use unnamed (*i.e.*, Jane or John Doe) defendants, but he must provide an adequate description "sufficient to identify the person involved so process eventually can be served."  *Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996).

In addition, to state a viable Eighth Amendment claim, Plaintiff must plead facts that satisfy standards governing the objective and subjective elements of the claim.  *See Al-Turki v. Robinson*, 762 F.3d 1188, 1192 (10th Cir. 2014).  This requires that "the deprivation alleged must be, objectively, sufficiently serious," meaning that the prison official's act or omission must result in the denial of "the minimal civilized measure of life's necessities[.]"  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  This also requires Plaintiff to establish that the defendant had a sufficiently culpable state of mind, meaning the defendant knew he faced "a substantial risk of serious harm and disregard[ed] that risk by failing to take reasonable measures to abate it."  *Id.* at 847.  If

Plaintiff seeks to pursue a claim for retaliation, he must sufficiently plead three elements: (1) the plaintiff was engaged in constitutionally protected activity; (2) the defendant responded by causing an injury that "would chill a person of ordinary firmness from continuing to engage in that activity;" and (3) the defendant's adverse action was substantially motivated as a response to the plaintiff's constitutionally protected activity. *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007); *Rhodes v. Shannon*, 2024 WL 79964, at *3 (10th Cir. Jan. 8, 2024).

Plaintiff is finally advised that any amendment will supersede the Complaint and must include all federal and state claims he wishes to pursue in this case. If Plaintiff fails to timely amend his complaint as set forth above, the Court may dismiss all federal § 1983 claims with or without prejudice; decline to exercise supplemental jurisdiction over any state law claims; and dismiss all state law claims without prejudice for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that within thirty (30) days of entry of this Order, Plaintiff must file a single, amended complaint that complies with the above instructions; and failure to timely comply with this Memorandum Opinion and Order may result in dismissal of this action without further notice.

**IT IS SO ORDERED.**

/s/_____

WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE