# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER BALDOMOR,

    Plaintiff,

vs.                                                                    No. 24-cv-499 WJ/KK

FNU WILKINS, Warden, *et al.*,

    Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Plaintiff Christopher Baldomor's failure to file an amended complaint as directed. Plaintiff was incarcerated when he initiated this proceeding and is proceeding *pro se.* His original Complaint alleges that on January 8, 2024, Plaintiff was housed in an overcrowded cell at the Reception and Diagnostic Center ("RDC") of the Central New Mexico Correctional Facility ("CNMCF"). (Doc. 1) at 1. Plaintiff also alleges that he and others were transferred to the Grants County Correctional Facility ("GCCF") on February 24, 2024, which was a Level 3 facility, and that a stabbing occurred there "just days after the plaintiff arrived." *Id.* at 2. Plaintiff contends his life was in danger due to the overcrowded conditions and dangerous inmates, and he states he "is in fear of retaliation by GCCF staff, which has occurred on (3/8/24) by being placed in seg [sic] without just cause or proper documentation stating any reason for a period of 14 days time." *Id.*

The original Complaint cites to the New Mexico Tort Claims Act and the Eighth and Fourteenth Amendments, and names as Defendants: Warden Wilkins, GCCF; Unit Manager Jacob O; and Alisha Tafoya, Director of the Corrections Department. *Id.* at 1-3. Plaintiff seeks damages

in the amount of $1,700 per day; $100,000 for every state law violation; and $500,000 for every constitutional law violation. *Id.* at 3.

By a Memorandum Opinion and Order entered April 15, 2026, the Court determined the original Complaint fails to state a cognizable claim under the United States Constitution and 42 U.S.C. § 1983.  (Doc. 11) (Screening Ruling); *see also* 28 U.S.C. § 1915A (requiring *sua sponte* screening of prisoner complaints against governmental entities).  The Screening Ruling explains that the original Complaint does not tie any individual Defendant to the alleged wrongdoing. Plaintiff fails to state what actions the Warden, Unit Manager, or Director of the Corrections Department took or if they had any role in the alleged violations.  (Doc. 11) at 4.  Plaintiff also fails to allege that any supervisor personally directed the alleged offensive conduct or knew Plaintiff's rights were being violated by did not prevent it.  *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998) (to state a claim under § 1983, a plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution); *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) ("[A] defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation.").

Based on these pleading defects, the Court dismissed the claims in the original Complaint without prejudice.  (Doc. 1) at 4-5.  Consistent with *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990), Plaintiff was *sua sponte* invited to amend his claims within thirty (30) days of entry of the Screening Ruling.  The Screening Ruling set forth the general pleading standards governing 42 U.S.C. § 1983, as well as the pleading standards to bring a supervisory liability claim and an Eighth Amendment claim.  (Doc. 9) at 5-6.  Plaintiff was warned that any amendment will

supersede the original Complaint and must include all federal and state claims he wishes to pursue in this case.  He was further warned that if he fails to timely amend his complaint, the Court may dismiss all federal § 1983 claims with or without prejudice; decline to exercise supplemental jurisdiction over any state law claims; and dismiss all state law claims without prejudice for lack of jurisdiction.

The deadline to amend was May 15, 2026.  Plaintiff did not amend, show cause for such failure, or otherwise respond to the Screening Ruling.  Accordingly, the Court will dismiss all federal § 1983 claims in the original Complaint (Doc. 1) with prejudice for failure to state a cognizable claim under 28 U.S.C. § 1915(e) and Rule 12(b)(6).  *See Novotny v. OSL Retail Servs. Corp.*, 2023 WL 3914017, at *1 (10th Cir. June 9, 2023) (affirming dismissal with prejudice where the district court rejected a "claim [under Rule 12(b)(6)] but gave [plaintiff] leave to amend, cautioning that failure to allege a plausible claim would result in … [such a] dismissal").  The Court declines to exercise supplemental jurisdiction over any state law claims in the original Complaint (Doc. 1) and will therefore dismiss those claims without prejudice.  *See Bauchman v. W. High Sch.*, 132 F.3d 542, 549 (10th Cir. 1997) (federal courts should generally decline to exercise supplemental jurisdiction when no federal claims remain).

**IT IS THEREFORE ORDERED** that each federal 42 U.S.C. § 1983 claim in Plaintiff's original Complaint (Doc. 1) is **DISMISSED with prejudice** for failure to state a cognizable claim under 28 U.S.C. § 1915A and Rule 12(b)(6).

**IT IS FURTHER ORDERED** that the Court declines to exercise supplemental jurisdiction over any state law claims in the original Complaint (Doc. 1); such state law claims are

3

therefore **DISMISSED without prejudice**; and the Court will enter a separate judgment closing the civil case.

/s/_____
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE